UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| United States of America ) | Cr. No. 8:11-337-HMH |
| ) | |
| vs. ) | |
| ) | **OPINION & ORDER** |
| Terry Randall Belk, ) | |
| ) | |
| Movant. ) | |

This matter is before the court on Terry Randall Belk's ("Belk") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. After a thorough review of the facts and pertinent law, the court summarily dismisses Belk's § 2255 motion.

### I. FACTUAL AND PROCEDURAL HISTORY

Belk was indicted for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e) ("count one"), and possession with the intent to distribute a quantity of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) ("count two"). On May 18, 2011, Belk pled guilty to count one. On November 30, 2011, the court sentenced Belk to 180 months' imprisonment as an armed career criminal pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). At sentencing, the Government moved to dismiss count two of the indictment, and the court granted the Government's motion. Belk appealed his conviction and sentence arguing that the court erred in denying his pro se motion to withdraw his guilty plea. The United States Court of Appeals for the Fourth Circuit affirmed the

court's ruling.  United States v. Belk, No. 11-5036, 2012 WL 1548216, *2 (4th Cir. May 3, 2012) (unpublished).  Belk filed the instant § 2255 motion on February 1, 2013.[1]

## II. DISCUSSION OF THE LAW

Belk alleges that his counsel was constitutionally ineffective for failing to: (1) challenge his status as an armed career criminal under the ACCA; (2) move to suppress the search of his residence and seizure of evidence; and (3) object to an enhancement to his offense level in his Presentence Investigation Report ("PSR").  (Belk Mem. Supp. § 2255 Mot. 10, 11, 22, ECF No. 44-1.)  Belk additionally requests a reduction in his current sentence based on post-sentencing rehabilitation.  (Id. at 15.)

In order to successfully challenge a conviction or sentence on the basis of ineffective assistance of counsel, Belk must demonstrate that his counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by his counsel's deficient performance.  See Strickland v. Washington, 466 U.S. 668, 687 (1984).  With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Id. at 689.  With respect to the second prong, one must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.  Because Belk tendered a guilty plea, he must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  Hill v. Lockhart, 474 U.S. 52, 59 (1985).

---

[1]See Houston v. Lack, 487 U.S. 266 (1988).

2

## A. Armed Career Criminal Designation

Belk contends that his counsel should have challenged his status as an armed career criminal under the ACCA. (Belk Mem. Supp. § 2255 Mot. 16-25, ECF No. 44-1.) Belk argues that his prior state court burglary and larceny convictions arose out of the same conduct and that these offenses "ha[ve] been determined by the State of South Carolina Legislature and the United States District Court to be non-violent offenses." (Id. at 16.)

Pursuant to the ACCA, if a person "violates [18 U.S.C. § 922(g)] and has three previous convictions by any court . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined . . . and imprisoned not less than fifteen years . . . ." 18 U.S.C. § 924(e)(1). As set forth in the PSR, Belk has five predicate offenses which potentially qualify as either a violent felony or serious drug offense under the ACCA. (PSR ¶¶ 17, 18, 20, 22, 25, ECF No. 23.) These offenses include: (1) conspiracy to distribute cocaine on April 18, 1986; (2) first degree burglary on January 15, 1987; (3) second degree burglary on March 9, 1989; (4) second degree burglary on August 6, 1992; and (5) strong armed robbery on March 3, 2004. (Id.)

It is uncontested that Belk's conviction for conspiracy to distribute cocaine is a serious drug offense and his strong armed robbery conviction is a violent felony under the ACCA. Thus, both of these prior convictions qualify as predicate offenses under the ACCA. Belk, however, "alleges that he did not commit any 'burglary' that was a violent offense." (Belk Mem. Supp. § 2255 Mot. 20, ECF No. 44-1.) "To determine whether an offense under state law falls within the definition of a violent felony, courts generally employ a categorical approach, under which consideration is given only to the essential elements of the offense and the fact of

3

conviction." United States v. Baxter, 642 F.3d 475, 476 (4th Cir. 2011). "Interpreting the ACCA, the Supreme Court has held that 'a person has been convicted of burglary . . . if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime.'" Id. (quoting Taylor v. United States, 494 U.S. 575, 599 (1990)).

"Burglary is a 'violent felony' under the ACCA." Id. (citing 18 U.S.C. § 924(e)(2)(B)(ii)). However, where a state statute defines burglary to encompass structures other than a "building or structure," the court must apply a modified categorical approach and "may consider certain court documents, including but not limited to the indictment, a transcript of the plea colloquy and/or the written plea agreement[]" in determining whether a burglary conviction qualifies as a violent felony. Id. at 477. S.C. Code Ann. §§ 16-11-311 and 312 specifically limit burglary to unlawful entry into a dwelling or building.

It is uncontested that Belk pled guilty to first degree burglary on January 15, 1987, and then to two different offenses of second degree burglary on March 9, 1989, and August 6, 1992. Belk admits in his memorandum in support of his pro se § 2255 motion that he "entered a dwelling" with the "intent to commit a crime therein." (Belk Mem. Supp. § 2255 Mot. 25, ECF No. 44-1.) Further, the PSR notes that all of the burglary convictions involve unlawful entry of a dwelling with the intent to commit a crime. (PSR ¶¶ 18, 20, 22, ECF No. 23.) Thus, Belk's South Carolina burglary convictions qualify as predicate violent felony offenses under the ACCA. Based on the foregoing, Belk has five predicate offenses under the ACCA and he was properly sentenced as an armed career criminal. Therefore, there was no basis for Belk's

counsel to object, and Belk is unable to demonstrate prejudice as a result of his counsel's failure to object.

### B. Motion to Suppress Search and Seizure

Belk next argues his counsel was ineffective for failing to challenge the search of his residence and file a motion to suppress the evidence found therein. (Belk Mem. Supp. § 2255 Mot. 10, ECF No. 44-1.) "[A] knowing and voluntary guilty plea waives antecedent nonjurisdictional errors, including claims of unlawful search and seizure." United States v. Devaughn, No. 03-4312, 2003 WL 22057945, at *1 (4th Cir. Sept. 3, 2003) (unpublished) (citing Tollett v. Henderson, 411 U.S. 258, 267 (1973)). A defendant can challenge the voluntary and intelligent character of the guilty plea by demonstrating that the advice he received from counsel was not within the range of competence demanded of attorneys in criminal cases. Tollett, 411 U.S. at 266-67. "Counsel may . . . advise his client to plead guilty if that advice falls within the range of reasonable competence under the circumstances." United States v. Cronic, 466 U.S. 648, 656 n.19 (1984).

At his guilty plea hearing, when asked whether he was "entirely satisfied" with the representation of his attorney, Belk answered, "Yes, sir." (Guilty Plea Tr. 12, ECF No. 36.) During the hearing, Belk was advised of his right to proceed to trial and the rights he was waiving by pleading guilty. (Id. at 16-17.) Belk was advised of the charges, the elements of the offense, the mandatory minimum term of 15 years' imprisonment, and the maximum term of life imprisonment. (Id. at 27-29.) Belk then admitted his guilt upon agreeing to the Government's rendition of the facts. (Id. at 30.) Thereafter, Belk affirmed that the answers he gave were his own answers without instruction, outside influence, or coercion. (Id. at 69-70.) The truth of

Belk's prior sworn statements is conclusively established. United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005). "[A] district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." Id. at 222. Based on the foregoing, this claim is without merit as there is no evidence to support Belk's claim that his decision to plead guilty was based on objectively unreasonable advice from his counsel.

### C. Enhancement Under U.S.S.G. § 2K2.1(b)(6)

Belk additionally argues that his counsel was ineffective for failing to object to a four-point enhancement in his total offense level in the PSR pursuant to U.S.S.G. § 2K2.1(b)(6). (Belk Mem. Supp. § 2255 Mot. 11, ECF No. 44-1.) Belk had a total offense level of 31 and a criminal history category of VI. (PSR ¶ 65, ECF No. 23.) Thus, Belk's guideline range for imprisonment was 188 to 235 months. (Id.) As discussed above, Belk was an armed career criminal pursuant to 18 U.S.C. § 924(e), and accordingly had a mandatory minimum term of imprisonment of 15 years. (Id. ¶ 64.) At sentencing, the court varied downward from the advisory guideline range and sentenced Belk to the mandatory minimum term of 180 months' imprisonment under the ACCA. (Sentencing Tr. 4-5, ECF No. 37.) Thus, Belk is unable to demonstrate he was prejudiced by his counsel's decision not to object to the four-point enhancement because he was sentenced to the mandatory minimum under the ACCA.

### D. Request for Sentence Reduction

Finally, Belk "request[s] a reduction in his current sentence based on rehabilitation programs" he has attended while incarcerated pursuant to Pepper v. United States, 131 S. Ct. 1229 (2011). (Belk Mem. Supp. § 2255 Mot. 16, ECF No. 44-1.) Pepper holds "that when a

6

defendant's sentence has been set aside on appeal and his case remanded for resentencing, a district court may consider evidence of a defendant's rehabilitation since his prior sentencing and that such evidence may, in appropriate cases, support a downward variance from the advisory Guideline range." 131 S. Ct. at 1241. Belk's sentence has not been set aside. Further, Belk was sentenced to the mandatory minimum term of 15 years' imprisonment under § 924(e) and not the advisory guidelines. Therefore, Belk's request for a reduction in his sentence is denied.

It is therefore

**ORDERED** that Belk's § 2255 motion, docket number 44, is summarily dismissed. It is further

**ORDERED** that a certificate of appealability is denied because Belk has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
February 22, 2013

## NOTICE OF RIGHT TO APPEAL

The Movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.